(24 Misc. Rep. 739.)

MORGAN v. WOOD.

(Supreme Court, Appellate Term. October 5, 1898.)

1. APPEAL—REVIEW OF QUESTION OF FACT.

    The conclusions of the trial justice on questions of fact will not be disturbed on appeal, where there was sufficient evidence to support the judgment.

2. SAME—HARMLESS ERROR.
    Error in excluding testimony is obviated by its subsequent admission.

3. HOSTILITY OF WITNESS.
    The hostility of a witness towards a party against whom he is called may be shown by the testimony of such party.

Appeal from Eleventh district court.

Action by William R. Morgan against Hiram Wood. From a judgment of the municipal court of the city of New York, borough of Manhattan, Eleventh district, for defendant, plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Theodore T. Baylor, for appellant.
Denis O'Sullivan, for respondent.

GIEGERICH, J. This action was brought to recover $300, the amount of a certain check issued by one Jacob D. Krom upon the Gansevoort Bank, in the city of New York, payable to the order of the plaintiff, who, with his indorsement thereon, delivered the check to the defendant's bookkeeper, for the purpose of having the same cashed. The latter indorsed the check, and deposited it to the defendant's credit in the aforementioned bank, where the defendant also kept an account. The defendant's bookkeeper subsequently withdrew said moneys, and delivered the same to the defendant. The latter admitted the receipt of said sum, but claimed payment through his bookkeeper. The plaintiff denied having received any part of the amount called for by the check, but the trial justice seems to have credited the defendant and his witnesses on this point, and, that being the case, there was sufficient evidence to support the judgment which was rendered. Under such circumstances it is well established that this court will not disturb the conclusions of the trial justice upon questions of fact.

Several exceptions were taken to the ruling of the justice upon questions of evidence. One related to the exclusion of a conversation had by the witness James Appelgate with the defendant's bookkeeper, but, as the testimony so excluded was subsequently admitted, the error, if any, was obviated. The defendant, against the plaintiff's objection and exception, testified to threats of revenge made by the latter against him. This testimony was clearly admissible under the well-established rule that the hostility of a witness towards a party against whom he is called may be proven by any competent evidence. It may be shown by cross-examination of the witness, or witnesses may be called who can swear to facts showing it. People v. Brooks, 131 N. Y. 325, 30 N. E. 189; Garnsey v. Rhodes, 138 N. Y. 461, 34 N. E. 199; People v. Webster, 139 N. Y. 73, 34 N. E. 730. It is unnecessary to notice the other exceptions in the case, as we are of the opinion that they do not present any ground for a reversal.

The judgment should therefore be affirmed, with costs. All concur.